JUDGE BUCHWALD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES COLLITON,<br><br>                    Plaintiff,<br>vs.<br><br>CRAVATH, SWAINE & MOORE LLP,<br><br>                    Defendant. | 08 Civ. 0400<br><br>Removed from the Supreme Court of the State of New York, County of New York<br>(Index No. 07/604246) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Cravath, Swaine & Moore LLP ("Defendant") files this Notice of Removal to remove this action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, as follows:

    1.    On December 27, 2007, Plaintiff James Colliton commenced the action entitled Colliton v. Cravath, Swaine & Moore LLP, Index No. 07/604246, in the Supreme Court of the State of New York, County of New York.

    2.    A true and complete copy of Plaintiff's Summons and Complaint is attached as Exhibit A to the Declaration of Robert H. Baron, filed with this Notice of Removal. No other process, pleadings or papers have been received or filed by Defendant as of this date.

    3.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days of service on Defendant of Plaintiff's Summons and Complaint. This Notice of Removal is therefore timely filed in accordance with 28 U.S.C. § 1446.

4. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the federal district court for the district and division embracing the place where the state-court action is pending.

5. The Complaint asserts ten causes of action against Defendant, Plaintiff's former employer. It alleges in part that Defendant breached its duties as a fiduciary of the employee pension plan (the "Plan") in which Plaintiff was allegedly enrolled. (Compl. ¶¶ 65-72.)

6. The Plan is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). (See ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A); "Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP" (Baron Dec., Ex. B, Art. I, Art. XVI, Sec. 16.6) (stating that the Plan shall be construed in accordance with ERISA); "Summary Plan Description for the Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP" for 2004, 2005 and 2006 (Baron Dec., Exs. C, D and E, at 24) ("As a participant in the Plan, you have certain rights under ERISA.").)

7. Although Plaintiff does not explicitly bring his breach of fiduciary duty claim under ERISA, it falls within the "complete pre-emption" exception to the well-pleaded complaint rule. Federal question jurisdiction exists where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character". Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). A state-law claim that is pre-empted by ERISA and falls within the scope of ERISA's civil enforcement provisions is just such a claim, and the case may be removed to federal court. Id. at

67; Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004); Plumbing Indust. Bd. v. E. W. Howell Co., Inc., 126 F.3d 61, 67-69 (2d Cir. 1997).

8. State-law claims, like Plaintiff's, that seek losses for alleged mismanagement of an employee benefit plan are pre-empted by ERISA. See ERISA § 514, 29 U.S.C. § 1144 (ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" regulated by ERISA); Aetna, 542 U.S. at 209; Retail Shoe Health v. Reminick, 62 N.Y.2d 173, 178 (1984). Plaintiff's claim also falls within the scope of ERISA's civil enforcement provisions, which specifically authorize participants to bring suits for breach of fiduciary duty in connection with employee benefit plans. See ERISA §§ 502(a)(2), 409(a), 29 U.S.C. §§ 1132(a)(2), 1109(a). Therefore, Federal question jurisdiction exists under 28 U.S.C. § 1331, and removal is proper. See Metro., 481 U.S. at 67; Aetna, 542 U.S. at 209; Plumbing, 126 F.3d at 67-69.

9. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

10. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of the filing of this Notice of Removal

11. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Defendant removes this action from the Supreme Court of the State of New York, County of New York, to this Court.

January 15, 2008

        CRAVATH, SWAINE & MOORE LLP,

      by _____
           Robert H. Baron
          A Member of the Firm

         Worldwide Plaza
        825 Eighth Avenue
        New York, NY 10019
         (212) 474-1000

      Defendant pro se