UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JAMES COLLETON,

                                  Plaintiff,

                    vs.

CRAVATH, SWAINE & MOORE LLP,

                                  Defendant.

08 CV 0400

08 Civ. _____

Removed from the Supreme Court of the State
of New York, County of New York
(Index No. 07/604246)

PLEASE TAKE NOTICE that a Notice of Removal, of which the within is a true

copy, was filed in the office of the Clerk of the United States District Court, Southern District of

New York, on January 15, 2008.

January 15, 2008

                              CRAVATH, SWAINE & MOORE LLP,

                    by
                              _____
                                        Robert H. Baron
                                   A Member of the Firm

                         Worldwide Plaza
                         825 Eighth Avenue
                         New York, NY 10019
                         (212) 474-1000

                         Defendant Pro se

TO:

James Colliton
      28 Millbank Road
           Poughkeepsie, NY 12603

BY FEDERAL EXPRESS

CLERK
      Supreme Court of New York, County of New York
          60 Centre Street
              New York, NY 10007

BY HAND

JUDGE BUCHWALD

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

                        Plaintiff,

            vs.

CRAVATH, SWAINE & MOORE LLP,

                        Defendant.

08 Civ. 0400

Removed from the Supreme Court of the State
of New York, County of New York
(Index No. 07/604246)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Cravath, Swaine &
Moore LLP ("Defendant") files this Notice of Removal to remove this action, and all claims and
causes of action therein, from the Supreme Court of the State of New York, County of New
York, to the United States District Court for the Southern District of New York, as follows:

            1.      On December 27, 2007, Plaintiff James Colliton commenced the action
entitled Colliton v. Cravath, Swaine & Moore LLP, Index No. 07/604246, in the Supreme Court
of the State of New York, County of New York.

            2.      A true and complete copy of Plaintiff's Summons and Complaint is
attached as Exhibit A to the Declaration of Robert H. Baron, filed with this Notice of Removal.
No other process, pleadings or papers have been received or filed by Defendant as of this date.

            3.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed
within thirty days of service on Defendant of Plaintiff's Summons and Complaint. This Notice
of Removal is therefore timely filed in accordance with 28 U.S.C. § 1446.

4.      Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the federal district court for the district and division embracing the place where the state-court action is pending.

5.      The Complaint asserts ten causes of action against Defendant, Plaintiff's former employer.  It alleges in part that Defendant breached its duties as a fiduciary of the employee pension plan (the "Plan") in which Plaintiff was allegedly enrolled.   (Compl. ¶¶ 65-72.)

6.      The Plan is an "employee pension benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA").  (See ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A); "Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP" (Baron Dec., Ex. B, Art. I, Art. XVI, Sec. 16.6) (stating that the Plan shall be construed in accordance with ERISA);  "Summary Plan Description for the Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP" for 2004, 2005 and 2006 (Baron Dec., Exs. C, D and E, at 24) ("As a participant in the Plan, you have certain rights under ERISA.").)

7.      Although Plaintiff does not explicitly bring his breach of fiduciary duty claim under ERISA, it falls within the "complete pre-emption" exception to the well-pleaded complaint rule.  Federal question jurisdiction exists where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character".  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  A state-law claim that is pre-empted by ERISA and falls within the scope of ERISA's civil enforcement provisions is just such a claim, and the case may be removed to federal court.  Id. at

67; <u>Aetna Health, Inc. v. Davila</u>, 542 U.S. 200, 209 (2004); <u>Plumbing Indust. Bd. v. E. W.</u>

<u>Howell Co., Inc.</u>, 126 F.3d 61, 67-69 (2d Cir. 1997).

       8.     State-law claims, like Plaintiff's, that seek losses for alleged

mismanagement of an employee benefit plan are pre-empted by ERISA.  <u>See</u> ERISA § 514, 29

U.S.C. § 1144 (ERISA supersedes "any and all State laws insofar as they may now or hereafter

relate to any employee benefit plan" regulated by ERISA); <u>Aetna</u>, 542 U.S. at 209; <u>Retail Shoe</u>

<u>Health v. Reminick</u>, 62 N.Y.2d 173, 178 (1984).  Plaintiff's claim also falls within the scope of

ERISA's civil enforcement provisions, which specifically authorize participants to bring suits for

breach of fiduciary duty in connection with employee benefit plans.  <u>See</u> ERISA §§ 502(a)(2),

409(a), 29 U.S.C. §§ 1132(a)(2), 1109(a).  Therefore, Federal question jurisdiction exists under

28 U.S.C. § 1331, and removal is proper.  <u>See</u> <u>Metro.</u>, 481 U.S. at 67; <u>Aetna</u>, 542 U.S. at 209;

<u>Plumbing</u>, 126 F.3d at 67-69.

       9.     This Court has supplemental jurisdiction over Plaintiff's state-law claims

pursuant to 28 U.S.C. § 1367.

       10.    Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written

notice of the filing of this Notice of Removal

       11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Defendant removes this action from the Supreme Court of the State of New York, County of New York, to this Court.

January 15, 2008

CRAVATH, SWAINE & MOORE LLP,

by

Robert H. Baron
A Member of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Defendant pro se

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

                            Plaintiff,

            vs.

CRAVATH, SWAINE & MOORE LLP,

                            Defendant.

08 Civ. _O4OO_ (NRB)

Removed from the Supreme Court of the State
of New York, County of New York
(Index No. 07/604246)

ECF CASE

**DECLARATION OF ROBERT H. BARON IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL**

I, ROBERT H. BARON, declare, under penalty of perjury, as follows:

I am a member of the firm of Cravath, Swaine & Moore LLP, Defendant pro se in
this Action.  I submit this Declaration in support of Defendant's Notice of Removal.

1.      Attached hereto as Exhibit A is a true and complete copy of the Summons
and Complaint filed in Colliton v. Cravath, Swaine & Moore LLP, Index No. 07/604246, in the
Supreme Court of the State of New York, County of New York.

2.      Attached hereto as Exhibit B is a true copy of an excerpt of a document
entitled "Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP",
effective January 1, 2002 to the present.

3.      Attached hereto as Exhibit C is a true copy of an excerpt of a document
entitled "Summary Plan Description for the Savings Plan for Senior Attorneys and Associates of
Cravath, Swaine & Moore LLP", effective for the calendar year 2004.

4.      Attached hereto as Exhibit D is a true copy of an excerpt of a document entitled "Summary Plan Description for the Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP", effective for the calendar year 2005.

5.      Attached hereto as Exhibit E is a true copy of an excerpt of a document entitled "Summary Plan Description for the Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP", effective for the calendar year 2006.

January 15, 2008

_____
Robert H. Baron

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------x

**James Colliton**

_____

[your name(s)]                    Plaintiff(s)

- against -

**Cravath, Swaine & Moore LLP**

_____

[name(s) of party being sued]     Defendant(s)

--------------------------------------------x

**SUMMONS**

**Index Number**

**07604246**

**Date Index Number purchased**

December 27, 2007

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: December 27, 2007

[date of summons]

_James Colliton_

[sign your name]

James Colliton

[print your name]

28 Millbank Road

Poughkeepsie, New York 12603

845 - 518 - 0754

[your address(es), telephone number(s)]

Defendant(s) Cravath, Swaine & Moore LLP

Worldwide Plaza

825 Eighth Avenue

New York, New York 10019-7475

[address(es) of defendant(s)]

Venue: Plaintiff(s) designate(s) New York County as the place of trial. The basis of this designation is: [check box that applies]

☐ Plaintiff(s) residence in New York County

☐ Defendant(s) residence in New York County

☒ Other [See CPLR Article 5]: The Defendant is a partnership which, under

7-06    § 503(d), is deemed a resident of New York County because its principal office i

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK x
JAMES COLLITON,

Plaintiff,

Index No.
07604246

— against —

CRAVATH, SWAINE & MOORE LLP,

COMPLAINT

Defendant. x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, James Colliton, respectfully shows and alleges as follows:

FIRST CAUSE OF ACTION

1. The plaintiff herein, James Colliton, is, and at all times mentioned was, a resident of Dutchess County, New York, residing at 28 Millbank Road, Poughkeepsie, New York 12603.

2. The defendant herein, Cravath, Swaine & Moore LLP, is, and at all times mentioned was, a partnership or a limited liability partnership with a principal office in New York County, New York, located at the Worldwide Plaza, 825 Eighth Avenue, New York, New York 10019-7475.

Page 2

3. Defendant is, and at all times mentioned was, a law firm engaged in the business of providing legal services.

4. Upon information and belief, each of the defendant's partners is entitled to lawfully act on behalf of, and legally bind, the defendant.

5. Plaintiff was continuously employed as an attorney by the defendant between December 26, 2000, and March 1, 2006.

6. In consideration for his services, the defendant committed to compensate plaintiff pursuant to various agreements, arrangements and understandings in fact put into and continuously maintained in practice and as a course of conduct by the defendant.

Page 3

7. The compensation-related agreements, arrangements and understandings referred to in paragraph 6 were entered into, revised and/or supplemented on an annual or less frequent basis by the defendant and/or one or more of the defendant's partners (such agreements, arrangements and understandings, as so revised and/or supplemented, shall hereinafter be referred to, in the aggregate, as the "Compensation Promise").

8. Under the Compensation Promise, plaintiff was to be compensated by the defendant each year in several ways, including the payment of salary, the payment of an annual bonus, the provision of time off (or the payment of compensation in lieu thereof), and the provision of other benefits and perquisites.

Page 4

9. The entire Compensation Promise was, at least annually, in fact put into and continuously maintained in practice and as a course of conduct by the defendant.

10. Plaintiff entered into his employment with the defendant, and continued his employment with the defendant each year, in reliance upon the defendant's undertaking and promise to pay him all of the compensation, benefits, and perquisites envisioned in the annual Compensation Promise.

11. Throughout the tenure of plaintiff's employment with the defendant, plaintiff duly performed all of the services and other duties which he had undertaken and promised to do.

Page 5

12. Each year during the plaintiff's employment with the defendant, multiple of the defendant's partners, as part of the Compensation Promise for such year, promised plaintiff that the total dollar value of the compensation and benefits that would actually be paid to him in respect of such year would equal or exceed the total dollar value of the compensation and benefits that would actually be paid to any other non-partner attorney employed in the tax/executive compensation department of the defendant in respect of such year.

13. Each year during the plaintiff's employment with the defendant, after the defendant had actually paid out all compensation and benefits in respect of the preceding year, multiple of the defendant's partners represented to plaintiff that the promise referred to in paragraph 12 with respect

Page 6

to such preceding year had not been breached or violated, fully expecting plaintiff to rely on the truth of such representation.

14. Throughout the tenure of plaintiff's employment with the defendant, Lawrence Witdorchic was employed by the defendant as a non-partner attorney in its tax/executive compensation department.

15. Upon information and belief, the total dollar value of the compensation and benefits that were actually paid to Lawrence Witdorchic in respect of 2004 exceeded the total dollar value of the compensation and benefits that were actually paid to plaintiff in respect of 2004 by approximately $350,000.00.

Page 7

16. By reason of the facts and circumstances stated above, the defendant has breached the promise and the contract referred to in paragraph 12 with respect to 2004 materially.

17. By reason of the facts and circumstances stated above, plaintiff has been damaged by the defendant in the sum of $350,000.00.

18. Despite plaintiff's repeated demands, therefore, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount so owing.

19. On account of the defendant's breach, plaintiff has been required to incur certain legal fees, costs and expenses, and will hereafter be further required to incur additional such fees, costs and expenses.

Page 8

30. As a consequence of the defendant's breach, there is now due and owing from the defendant to plaintiff the sum of $350,000.00, together with interest thereon from December 31, 2004.

SECOND CAUSE OF ACTION

31. Plaintiff repeats paragraphs 1 through 30.

32. Each year during the plaintiff's employment with the defendant, plaintiff relied upon the representations referred to in paragraph 13, and such reliance was reasonable.

33. Each year during the plaintiff's employment with the defendant, plaintiff relied upon the promises referred to in paragraph 13(a), and such reliance was reasonable.

Page 9

34. In early 2005, in reasonable reliance upon the defendant's promises with respect to 2005 and representations with respect to 2004, plaintiff did not seek or accept alternative employment opportunities.

35. Upon information and belief, the total dollar value of the compensation and benefits that were actually paid to Lawrence Witdorchic in respect of 2005 exceeded the total dollar value of the compensation and benefits that were actually paid to plaintiff in respect of 2005 by approximately $350,000.00.

36. By reason of the facts and circumstances stated above, the defendant has breached the promise and the contract referred to in paragraph 13 with respect to 2005 materially.

Page 10

27. By reason of the facts and circumstances stated above, plaintiff has been damaged by the defendant in the sum of $350,000.00.

28. Despite plaintiff's repeated demands therefore, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount so owing.

29. On account of the defendant's breach, plaintiff has been required to incur certain legal fees, costs and expenses, and will hereafter be further required to incur additional such fees, costs and expenses.

30. As a consequence of the defendant's breach, there is now due and owing from the defendant to plaintiff the sum of $350,000.00, together with interest thereon from December 31, 2009.

Page 1)

## THIRD CAUSE OF ACTION

31. Plaintiff repeats paragraphs 1 through 30.

32. Upon information and belief, the defendant breached the promises referred to in paragraph 12 with regard to 2004, 2006 and 2005, and the defendant's representations referred to in paragraph 13 with respect to 2004 and 2005 were, in fact, misrepresentations.

33. In early 2005, in reasonable reliance upon such promises with regard to 2005 and such misrepresentations with respect to 2004, plaintiff sustained substantial damages by failing to seek or accept alternative employment opportunities.

34. By reason of the facts and circumstances stated above, the defendant should be estopped from denying its obligation to pay plaintiff the amounts specified in paragraph 20.



Page 12

FOURTH CAUSE OF ACTION

35. Plaintiff repeats paragraphs 1 through 34.

36. In early 2006, in reasonable reliance upon the defendant's promises with respect to 2006 and representations with respect to 2005, plaintiff did not seek or accept alternative employment opportunities.

37. In early 2006, in reasonable reliance upon the defendant's promises with regard to 2006 and misrepresentations with respect to 2005, plaintiff sustained substantial damages by failing to seek or accept alternative employment opportunities.

38. By reason of the facts and circumstances stated above, the defendant should be estopped from denying its obligation to pay plaintiff the amounts specified in paragraph 30.

Page 13

## FIFTH CAUSE OF ACTION

39. Plaintiff repeats paragraphs 1 through 38.

40. Upon information and belief, the total dollar value of the compensation and benefits that were actually paid to Lawrence Witdorchic in respect of January 1, 2006, through March 1, 2006, exceeded the total dollar value of the compensation and benefits that were actually paid to plaintiff in respect of such period by approximately $50,000.00.

41. By reason of the facts and circumstances stated above, the defendant has breached the promise and the contract referred to in paragraph 12 with respect to 2006 materially.

42. By reason of the facts and circumstances stated above, the defendant has damaged plaintiff in the sum of $50,000.00

Page 14

43. Despite plaintiff's repeated demands, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount so owing.

44. As a consequence of the defendant's breach, there is now due and owing from the defendant to plaintiff the sum of $50,000.00, together with interest thereon from March 1, 2006.

SIXTH CAUSE OF ACTION

45. Plaintiff repeats paragraphs 1 through 44.

46. On same date within the preceding five years, the defendant promised all of its attorney employees a "make-up bonus", but never paid such a bonus to plaintiff.

Page 15

47. By reason of the facts and circumstances stated above, the defendant has breached its promise to pay plaintiff a "make-up bonus", and plaintiff has therefore been damaged by the defendant in the sum of approximately $50,000.00.

48. Despite plaintiff's repeated demands therefore, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount so owing.

49. As a consequence of the defendant's breach, there is now due and owing from the defendant to plaintiff the sum of $50,000.00, together with interest thereon from the date "make-up bonuses" were actually paid to the defendant's other attorney employees.

Page 16

## SEVENTH CAUSE OF ACTION

50. Plaintiff repeats paragraphs 1 through 49.

51. The defendant promised plaintiff a pro-rata annual bonus in respect of any year with respect to which he did not remain employed for the full year.

52. The defendant did not pay plaintiff a pro-rata annual bonus in respect of the period beginning on January 1, 2006, and terminating on March 1, 2006.

53. By reason of the facts and circumstances stated above, the defendant has breached its promise to pay plaintiff a pro-rata annual bonus, and plaintiff has therefore been damaged by the defendant in the sum of approximately $15,000.00.

Page 17

54. Despite plaintiff's repeated demands, therefore, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount so owing.

55. As a consequence of the defendant's breach, there is now due and owing from the defendant to plaintiff the sum of $15,000.00, together with interest thereon from March 1, 2006.

EIGHTH CAUSE OF ACTION

56. Plaintiff repeats paragraphs 1 through 55.

57. Multiple of defendant's partners repeatedly represented that plaintiff, upon termination of employment, would be paid by the defendant for all accrued but unused time off, including, without limitation, vacation, sick leave, holidays and bereavement leave, for all preceding years.

Page 18



58. In response to plaintiff's demands there here, the defendant, in 2007, finally paid plaintiff a portion of the amount so owing, but only with respect to certain accrued but unused vacation days in 2004, 2005 and 2006.

59. Despite plaintiff's repeated demands therefore, the defendant has refused and continues to refuse, without cause or justification, to pay to plaintiff any part or parts of the aggregate amount of remaining payments in lieu of time off so owing.

60. As a consequence of the defendant's breach of its promise to pay to plaintiff amounts for all accrued but unused time off, there is now due and owing from the defendant to plaintiff the sum of $130,000.00, together with interest thereon from March 1, 2006.

Page 19

NINTH CAUSE OF ACTION

61. Plaintiff repeats paragraphs 1 through 60.

62. During plaintiff's employment with the defendant, plaintiff had a reasonable expectation of privacy with regard to personal communications and the storage of personal property in locked drawers at the defendant's building.

63. The defendant breached such privacy rights of plaintiff by listening to plaintiff's communications, by reading plaintiff's personal communications, and by looking at, and disclosing to and distributing to third parties, plaintiff's personal property, without any lawful justification, thereby intentionally inflicting emotional distress on plaintiff.

64. As a consequence of the defendant's infliction of emotional distress on plaintiff, there is now due and owing from the defendant to plaintiff compensatory damages in the sum of $500,000.00.

Page 30

## TENTH CAUSE OF ACTION

65. Plaintiff repeats paragraphs 1 through 64.

66. The defendant maintained, and was a fiduciary with respect to a pension plan participated in by Plaintiff.

67. The defendant never complied with the rules necessary to transfer to plan participants the responsibility for investment decisions under the plan.

68. The defendant is therefore responsible for poor investment choices by plan participants.

69. The defendant breached its fiduciary duties with respect to the plan by failing to offer adequate investment alternatives, by failing to prudently appoint other plan fiduciaries and by failing to prudently monitor the performance of other plan fiduciaries.

Page 31



70. Plaintiff suffered losses under the Plan as a result of the defendant's breaches.

71. Despite plaintiff's attempt to appeal the amount of benefits he was entitled to under the Plan, the defendant has refused for over 10 months, and continues to refuse, without cause or justification, to consider plaintiff's appeal or to pay to plaintiff an amount to compensate plaintiff for the losses he suffered under the plan.

72. As a consequence of the defendant's breaches, there is now due and owing from the defendant to plaintiff the sum of $15,000.00, to compensate plaintiff for losses suffered under the defendant's pension plan.

Page 22

WHEREFORE, plaintiff demands judgment against the defendant in the sum of $1,450,000.00, plus interest from the dates specified herein, and costs and disbursements, together with any other relief the Court finds to be just and proper.

Dated: December 26, 2007

James Colliton
James Colliton
28 Millbank Road
Poughkeepsie, NY 12603
845-518-0754

**VERIFICATION**

James Colliton , being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_James Colliton_
[sign your name in front of a Notary]

James Colliton
[print your name]

Sworn to before me this
26th day of December , 2007

_____
Notary Public

JAMES A. MARTIN
Notary Public, State of New York
No. 01MA6076075
Qualified in Dutchess County
Commission Expires Aug. 12, 2010

SampleCompl4-06

Exhibit B

SAVINGS PLAN FOR
SENIOR ATTORNEYS AND ASSOCIATES

OF

CRAVATH, SWAINE & MOORE LLP

As Amended and Restated as of January 1, 2002

SAVINGS PLAN FOR
SENIOR ATTORNEYS AND ASSOCIATES
OF
CRAVATH, SWAINE & MOORE LLP

PREAMBLE

Effective January 1, 1984, the Retirement Plan of Cravath, Swaine & Moore LLP LLP (the "Retirement Plan"), which was adopted as of January 1, 1963, was amended and divided into two parts. The portion of the Retirement Plan that is applicable to associates employed by Cravath, Swaine & Moore LLP LLP was amended and restated as the Savings Plan for Associates of Cravath, Swaine & Moore LLP LLP (the "Plan"). Associates who were participants in the Retirement Plan immediately prior to January 1, 1984, became participants in this Plan as of such date. All other senior attorneys and associates shall become participants in the Plan as provided herein.

Effective January 1, 1989, the Plan was renamed the Savings Plan for Senior Attorneys and Associates of Cravath, Swaine & Moore LLP LLP.

The Plan has been amended from time to time and was last restated effective September 15, 2000 to reflect various administrative changes. Effective January 1, 2002, except as otherwise expressly provided herein, the Plan is again restated to reflect various legislative changes. Except where the context expressly provides otherwise, changes effected by any amendments included in this restated Plan shall not be applicable to any Participant who retired or died or whose employment otherwise terminated prior to January 1, 2002; all rights and benefits payable with respect to him shall be determined in accordance with the provisions of the Plan and Trust as in effect on such date of termination of employment.

ARTICLE I

Definitions

| | |
|---|---|
| Account | The aggregrate amount held in the Trust for the benefit of a participant. |
| Act | The Employee Retirement Income Security Act of 1974, as it may from time to time be amended. A reference to any section of the Act shall be deemed to refer not only to such section, as it may from time to time be amended, but also to any successor statutory provision. |
| Administrative Committee | The committee appointed by the Firm pursuant to Article X. |
| Advisory Committee | The committee appointed by the Firm pursuant to Article XII. |
| Allocation Date | For Plan Years before 1989, the last business day of the Firm in March and September of each Plan Year, for the 1989 Plan |

## ARTICLE XIV

### Expenses

All expenses and charges in respect of the Plan and the Trust, including taxes or penalties of any kind upon or with respect to the funds of the Trust, shall be paid out of the assets of the Trust, unless voluntarily paid by the Firm.

## ARTICLE XV

### Amendment and Termination

SECTION 15.1. Amendment. The Firm may at any time, and from time to time, amend the Plan by action of any partner specifically authorized by the partners of the Firm to take such action; provided, however, that no amendment shall divest a Participant of any part of his vested Account.

SECTION 15.2. Termination. The Plan may be terminated by the Firm in whole or in part at any time by action of any partner specifically authorized by the partners of the Firm to take such action. To the extent permitted by law, upon the termination or partial termination of the Plan, or upon the complete discontinuance of contributions under the Plan, the interest of each affected Participant shall become immediately fully vested and nonforfeitable; the Accounts of all affected Participants shall be liquidated and each affected Participant, or, if he is not living, his Beneficiary, shall receive a lump-sum payment of the value of his units in each investment fund of the Trust.

## ARTICLE XVI

### Responsibility of Fiduciaries

SECTION 16.1. Duties. Each Fiduciary under the Plan shall discharge his duties with respect to the Plan solely in the interests of Participants and Beneficiaries and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

SECTION 16.2. Limitation on Co-Fiduciary Liability. No Fiduciary under the Plan shall be liable for an act or omission of another person in carrying out any fiduciary responsibility where such fiduciary responsibility is delegated to such other person by the Plan or pursuant to a procedure established in the Plan, except as otherwise provided in Section 405 of the Act.

SECTION 16.3. Indemnification. The Firm hereby agrees to indemnify each member of the Administrative Committee, each member of the Advisory Committee, each partner of the Firm and each employee of the Firm against any liabilities or expenses, including attorneys' fees, reasonably incurred by him in connection with any actual or threatened legal action to which he might become a party by reason of being a Fiduciary with respect to the Plan,

24

except to the extent that he shall be adjudged in such action to be liable for gross negligence or willful misconduct in the performance of his duties as a Fiduciary.

SECTION 16.4. Multiple Fiduciary Capacity. Any person or group of persons may serve in more than one fiduciary capacity with respect to the Plan.

SECTION 16.5. Investment Manager. If an Investment Manager is appointed, it shall have the authority to direct the investment of any Plan assets over which it has discretion pursuant to Article XI in deposits bearing a reasonable rate of interest in a bank or similar financial institution supervised by the United States or a state thereof, whether or not such bank or other institution is a Fiduciary with respect to the Plan.

SECTION 16.6. Plan Construed in Accordance with the Act. Notwithstanding anything contained in the Plan, or any amendment thereof, to the contrary, no provision of the Plan shall be so construed as to violate the requirements of the Act.

## ARTICLE XVII

### Mergers, Consolidations and Transfers of Plan Assets

In the case of any merger or consolidation of the Plan with, or transfer of assets or liabilities of the Plan to, any other plan, each Participant shall (if such other plan were then to terminate) be entitled to receive a benefit immediately after such merger, consolidation or transfer that shall be at least equal to the benefit that he would have been entitled to receive immediately before such merger, consolidation or transfer (if the Plan had then terminated).

## ARTICLE XVIII

### Claims Procedure

All claims for benefits under the Plan by a Participant or Beneficiary shall be made by Notice to the Administrative Committee, which shall designate one of its members to review any claim that has been denied. If the reviewing member believes that the claim should be denied, he shall notify the claimant in writing of the denial of the claim within 90 days after his receipt thereof. Such notice shall (a) set forth the specific reason or reasons for the denial, making reference to the provisions of the Plan or Plan documents on which the denial is based, (b) describe any additional material or information that should be received before the claim request may be acted upon favorably, and explain why such material or information, if any, is needed and (c) inform the claimant of his right pursuant to this Article XVIII to request review of the decision by the Administrative Committee. Any claimant who believes that he has submitted all available and relevant information may appeal the denial of his claim to the Administrative Committee by submitting a written request for review to the Administrative Committee within 60 days after the date on which such denial is received. Such period may be extended by the Administrative Committee for good cause. The person making the request for review may examine pertinent Plan documents. The request for review may discuss any issues relevant to the claim. The Administrative Committee shall decide whether or not to grant the claim within 60 days after receipt of the request for review, but this period may be extended by

25

Exhibit C

SUMMARY PLAN DESCRIPTION

FOR THE

SAVINGS PLAN FOR SENIOR ATTORNEYS

AND ASSOCIATES

OF

CRAVATH, SWAINE & MOORE LLP

Type of Plan

        This plan is a defined contribution plan with a 401(k) feature, which permits self-directed investments in accordance with Section 404(c) of ERISA.

Agent for Service of Legal Process

        If you have a legal action against the Plan, process should be served on:

Patricia Geoghegan, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

        Service of process may also be made on the Plan Administrator or Plan Trustee.

Plan Year

        The Plan Year is the calendar year.

Government Filings

        Information regarding the Plan is filed with the United States Department of Labor under the Firm's Employer Identification Number 13-5015405 and Plan Number 005. These numbers should be used in any government-related correspondence about the Plan.

Your ERISA Rights

        As a participant in the Plan, you have certain rights under ERISA (the Employee Retirement Income Security Act of 1974).

        For instance, you automatically receive this summary of the Plan and other pertinent information. You have the right to examine or receive, without charge, a copy of all documents governing the Plan, including a copy of the Plan's latest annual report (Form 5500

24

Series) and/or Summary Annual Report. If you would like a copy of the Plan or other related documents, you should request one in writing from Serap Asantugrul (ext. 3091).

## Plan Operation

In addition to establishing certain rights of Plan participants, ERISA imposes duties on the persons who operate the Plan, who are called "fiduciaries." They have a duty to operate the Plan prudently and in the interests of all Plan members and beneficiaries.

## Guaranteed Rights

To see that all employees are treated fairly, the law provides that no one, including the Firm, may fire you or otherwise discriminate against you in order to prevent you from exercising your rights under ERISA or receiving your benefits under the Plan.

## Enforcing Your Rights

There are steps you can take to enforce your ERISA rights. For instance, if you request materials from the Plan Administrator and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive them, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. In addition, if your claim for benefits is denied or ignored, in whole or in part, you have the right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial within the time noted above, and you may file suit in a state or Federal court. If you disagree with the Plan's decision or lack thereof concerning the qualified status of a domestic relations order or medical child support order you may file suit in a Federal court.

If it should happen that you are discriminated against for asserting your rights or if the Plan fiduciaries misuse the Plan's money, you may file suit in a Federal court or seek assistance from the Department of Labor. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees.

If you lose, the court may order you to pay the costs and fees if, for example, it finds your claim to have been frivolous.

Further Assistance

If you have any questions about your ERISA rights or obtaining documents from the Plan Administrator, you should contact the nearest area office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline for the Pension and Welfare Benefits Administration.

Exhibit D

SUMMARY PLAN DESCRIPTION

FOR THE

SAVINGS PLAN FOR SENIOR ATTORNEYS

AND ASSOCIATES

OF

CRAVATH, SWAINE & MOORE LLP

<u>Type of Plan</u>

This plan is a defined contribution plan with a 401(k) feature, which permits self-directed investments in accordance with Section 404(c) of ERISA.

<u>Agent for Service of Legal Process</u>

If you have a legal action against the Plan, process should be served on:

Patricia Geoghegan, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Service of process may also be made on the Plan Administrator or Plan Trustee.

<u>Plan Year</u>

The Plan Year is the calendar year.

<u>Government Filings</u>

Information regarding the Plan is filed with the United States Department of Labor under the Firm's Employer Identification Number 13-5015405 and Plan Number 005. These numbers should be used in any government-related correspondence about the Plan.

<u>Your ERISA Rights</u>

As a participant in the Plan, you have certain rights under ERISA (the Employee Retirement Income Security Act of 1974).

For instance, you automatically receive this summary of the Plan and other pertinent information. You have the right to examine or receive, without charge, a copy of all documents governing the Plan, including a copy of the Plan's latest annual report (Form 5500

24

Series) and/or Summary Annual Report. If you would like a copy of the Plan or other related documents, you should request one in writing from Serap Asantugrul (ext. 3091).

## Plan Operation

In addition to establishing certain rights of Plan participants, ERISA imposes duties on the persons who operate the Plan, who are called "fiduciaries." They have a duty to operate the Plan prudently and in the interests of all Plan members and beneficiaries.

## Guaranteed Rights

To see that all employees are treated fairly, the law provides that no one, including the Firm, may fire you or otherwise discriminate against you in order to prevent you from exercising your rights under ERISA or receiving your benefits under the Plan.

## Enforcing Your Rights

There are steps you can take to enforce your ERISA rights. For instance, if you request materials from the Plan Administrator and do not receive them within 30 days, you may file suit in a Federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive them, unless the materials were not sent because of reasons beyond the control of the Plan Administrator. In addition, if your claim for benefits is denied or ignored, in whole or in part, you have the right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial within the time noted above, and you may file suit in a state or Federal court. If you disagree with the Plan's decision or lack thereof concerning the qualified status of a domestic relations order or medical child support order you may file suit in a Federal court.

[[NYADMIN:2242421v1:3156C:11/11/05--03:25 p]]

If it should happen that you are discriminated against for asserting your rights or if the Plan fiduciaries misuse the Plan's money, you may file suit in a Federal court or seek assistance from the Department of Labor.  The court will decide who should pay court costs and legal fees.  If you are successful, the court may order the person you have sued to pay these costs and fees.

If you lose, the court may order you to pay the costs and fees if, for example, it finds your claim to have been frivolous.

Further Assistance

If you have any questions about your ERISA rights or obtaining documents from the Plan Administrator, you should contact the nearest area office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210.  You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline for the Pension and Welfare Benefits Administration.

[[NYADMIN:2242421v1:3156C:11/11/05--03:25 p]]

Exhibit E

SUMMARY PLAN DESCRIPTION

FOR THE

SAVINGS PLAN FOR SENIOR ATTORNEYS

AND ASSOCIATES

OF

CRAVATH, SWAINE & MOORE LLP

<u>Type of Plan</u>

This plan is a defined contribution plan with a 401(k) feature, which permits self-directed investments in accordance with Section 404(c) of ERISA.

<u>Agent for Service of Legal Process</u>

If you have a legal action against the Plan, process should be served on:

Patricia Geoghegan, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

Service of process may also be made on the Plan Administrator or Plan Trustee.

<u>Plan Year</u>

The Plan Year is the calendar year.

<u>Government Filings</u>

Information regarding the Plan is filed with the United States Department of Labor under the Firm's Employer Identification Number 13-5015405 and Plan Number 005. These numbers should be used in any government-related correspondence about the Plan.

<u>Your ERISA Rights</u>

As a participant in the Plan, you have certain rights under ERISA (the Employee Retirement Income Security Act of 1974).

For instance, you automatically receive this summary of the Plan and other pertinent information. You have the right to examine or receive, without charge, a copy of all documents governing the Plan, including a copy of the Plan's latest annual report (Form 5500

24

Series) and/or Summary Annual Report.  If you would like a copy of the Plan or other related documents, you should request one in writing from Serap Asantugrul (ext. 3091).

## Plan Operation

In addition to establishing certain rights of Plan participants, ERISA imposes duties on the persons who operate the Plan, who are called "fiduciaries."  They have a duty to operate the Plan prudently and in the interests of all Plan members and beneficiaries.

## Guaranteed Rights

To see that all employees are treated fairly, the law provides that no one, including the Firm, may fire you or otherwise discriminate against you in order to prevent you from exercising your rights under ERISA or receiving your benefits under the Plan.

## Enforcing Your Rights

There are steps you can take to enforce your ERISA rights.  For instance, if you request materials from the Plan Administrator and do not receive them within 30 days, you may file suit in a Federal court.  In such a case, the court may require the Plan Administrator to provide the materials and pay you up to $110 a day until you receive them, unless the materials were not sent because of reasons beyond the control of the Plan Administrator.  In addition, if your claim for benefits is denied or ignored, in whole or in part, you have the right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial within the time noted above, and you may file suit in a state or Federal court. If you disagree with the Plan's decision or lack thereof concerning the qualified status of a domestic relations order or medical child support order you may file suit in a Federal court.

25

If it should happen that you are discriminated against for asserting your rights or if the Plan fiduciaries misuse the Plan's money, you may file suit in a Federal court or seek assistance from the Department of Labor. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees.

If you lose, the court may order you to pay the costs and fees if, for example, it finds your claim to have been frivolous.

Further Assistance

If you have any questions about your ERISA rights or obtaining documents from the Plan Administrator, you should contact the nearest area office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210. You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline for the Pension and Welfare Benefits Administration.

[[NYADMIN:2242421v1:3136:03/23/06--03:19 p]]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

JAMES COLLITON,

                                              Plaintiff,

                    -against-

CRAVATH, SWAINE & MOORE LLP,

                                              Defendant.

---

08 CV 0400 (NRB)

CERTIFICATE OF
SERVICE

ROBERT B. ZWILLICH hereby certifies as follows:

I am over the age of 18 years, not a party to this action and reside at 255 Killarney Drive, Berkeley Heights, New Jersey 07922.

On the 15th day of January, 2008, I served the annexed **NOTICE OF FILING OF NOTICE OF REMOVAL; NOTICE OF REMOVAL; DECLARATION OF ROBERT H. BARON IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL; INDIVIDUAL PRACTICES OF JUDGE NAOMI REICE BUCHWALD AND MAGISTRATE JUDGE FRANK MAAS** upon

> James Colliton, Plaintiff Pro Se
> 28 Millbank Road
> Poughkeepsie, NY 12603

by delivering a true copy of the aforementioned documents to a courier for FEDERAL EXPRESS, an overnight delivery service, for delivery the next day, to wit: Wednesday, January 16, 2008.

Further, on January 16, 2008, I filed a true copy of the **NOTICE OF FILING OF NOTICE OF REMOVAL WITH SAID NOTICE OF REMOVAL** with the Office of the County Clerk of New York County, 60 Centre Street, Room 141, New York, NY 10007.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2008

_Robert B. Zwillich_
Robert B. Zwillich