UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES COLLITON,

                        Plaintiff,

      v.

CRAVATH, SWAINE & MOORE LLP,

                       Defendant.

---

ECF CASE

No. 08 Civ. 0400 (NRB)

# MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
# FOR SANCTIONS PURSUANT TO RULE 11

Stuart W. Gold
Robert H. Baron
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Defendant pro se*

April 14, 2008

Defendant Cravath, Swaine & Moore LLP ("Cravath") submits this memorandum in support of its motion for sanctions, Fed. R. Civ. P. 11.[1]

## LEGAL STANDARD

Rule 11(b) provides that, by presenting a pleading to the Court, a party certifies that (i) "it is not being presented for any improper purpose, such as to harass", Fed R. Civ. P. 11(b)(1), (ii) the claims "are warranted by existing law", Fed. R. Civ. P. 11(b)(2), and (iii) "the factual contentions have evidentiary support", Fed R. Civ. P. 11(b)(3). Rule 11 requires all litigants -- including pro se litigants -- to "stop-and-think" before making legal or factual contentions. See Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). Making allegations on information and belief "does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to . . . make claims . . . without any factual basis". See id.

Rule 11(c) provides that a court "may impose an appropriate sanction" on a party responsible for violating Rule 11(b). Fed. R. Civ. P. 11(c)(1). To that end, the court should consider (inter alia): (i) "[w]hether the improper conduct was willful"; (ii) "whether it was intended to injure"; and (iii) "whether the responsible person is trained in the law". See Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). Pro se plaintiffs are not shielded from sanctions. See Malley v. N.Y.C. Bd. of Educ., 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) ("[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." (internal quotation marks omitted)).

---

[1] This motion is being served, but not filed. See Fed. R. Civ. P. 11(c)(2). If within 21 days Plaintiff has not withdrawn the First through Sixth, Eighth through Thirteenth, and Twentieth causes of action, as well as the allegations identified in footnote 16 of the Memorandum in Support of Defendant's Motion to Dismiss ("MTD Mem."), Cravath will file the present motion with the Court. See id.

- 1 -

## ARGUMENT

### I. PLAINTIFF VIOLATES RULES 11(B)(2) AND 11(B)(3) BY ASSERTING THAT HE WAS EMPLOYED BY CRAVATH AS A NON-LAWYER AND WAS NOT SUBJECT TO THE OBLIGATIONS IMPOSED UPON LAWYERS.

In its pre-motion letter setting forth the bases to dismiss the original Complaint, Cravath alerted the Court (and Plaintiff) that Plaintiff's admitted sex crimes blatantly violated the implied-in-law obligation in the relationship between a law firm and the lawyers it employs, as articulated by the New York Court of Appeals in Wieder v. Skala, 80 N.Y.2d 628, 635-36 (1992), that both those lawyers and the firm will comply with the profession's ethical standards. (1/16/2008 Letter from Robert H. Baron to Hon. Naomi Reice Buchwald ("Pre-motion Letter"), Declaration of Robert H. Baron ("Baron Decl."), dated April 14, 2008, Ex. 3, at 2.) Two days later, Plaintiff requested leave to amend his Complaint, which this Court granted with the admonition that he "do so consistently with Fed. R. Civ. P. 11". (1/23/2008 Letter from Hon. Naomi Reice Buchwald to the parties, Baron Decl., Ex. 4.) Plaintiff has ignored that admonition.

In a transparent attempt to save his breach of contract claims by escaping Wieder's holding, Plaintiff tries to rewrite history by pretending that he was hired not as an attorney, but as a "specialist" who spent his time performing services that did not require him to be a practicing attorney or member of the bar. (See Am. Compl. ¶¶ 17-24, 35-36, 69-75.) For example, Plaintiff alleges: "[Cravath], throughout the Employment Period, referred to plaintiff by the title 'Specialist'. Plaintiff was never, at any time during the Employment Period, an associate, a senior attorney or counsel." (Id. ¶ 22.) He further alleges: "[Cravath] gave plaintiff the 'Specialist' title to signify the importance of the non-legal Specialist Services that plaintiff was providing to [Cravath]." (Id. ¶ 23.) He also avers that his "specialist" services were "separate and distinct for all purposes" from his work as an attorney. (Id. ¶ 35).

Plaintiff was, in fact, hired as a "special associate" (i.e., an attorney) in the benefits group in Cravath's tax department. (11/9/2000 Letter from P. Geoghegan to J. Colliton, Baron Decl., Ex. 9, at 1.) He was explicitly described as a "lawyer". (Id.) He expressly acknowledged that mutual understanding of his position in writing. (Id. at 2.) He later swore in his original, verified Complaint that he "was continuously employed as an attorney by [Cravath] between December 26, 2000, and March 1, 2006". (Compl., Baron Decl., Ex. 5, ¶ 5 (emphasis added).) Both the letter Plaintiff countersigned confirming his employment and his original, verified Complaint make clear that his Amended Complaint -- which is premised on his false assertions that he was not subject to the obligation articulated in Wieder because he was not hired as, acting as, or required to be, a practicing attorney -- is a frivolous pleading. (See MTD Mem. at 15-18.) Thus, Plaintiff has violated Rule 11, and sanctions are appropriate. See Abdelhamid v. Altria Group, Inc., 515 F. Supp. 2d 384, 399-400 (S.D.N.Y. 2007) (sanctioning the plaintiff by dismissing his amended complaint because it "asserted new factual allegations about [the defendants'] corporate activities" that "were directly contradicted by [other evidence] and appear to be without any grounding in fact").

## II. PLAINTIFF VIOLATES RULES 11(B)(1) AND (B)(2) BY MAKING FRIVOLOUS ALLEGATIONS INTENDED SOLELY TO HARASS.

In its Pre-motion Letter, Cravath explained that Plaintiff's claim for intentional infliction of emotional distress was time-barred and that his allegations failed to state a claim as a matter of law because, inter alia, the Complaint neither alleged that Cravath engaged in extreme or outrageous conduct nor pled any of the claim's other required elements. (Pre-motion Letter at 3.) In an obvious effort to plead around these incurable defects, Plaintiff now offers frivolous allegations that Cravath "intentionally inflicted severe emotional distress" on him by, inter alia, discriminating against other employees (but not him) and engaging in allegedly criminal,

fraudulent, and unethical conduct intended to cause him emotional distress. (Am. Compl. ¶¶ 182-86, 294-95.) He then makes the equally frivolous assertion that he did not become aware of the "heinous" (id. ¶ 183) conduct that supposedly caused him such "severe" (id. ¶ 294) emotional distress until 2008, years after it allegedly occurred (id. ¶ 185). Here again, he has disregarded the Court's admonition by filing a claim that is absurd on its face for the plainly improper purpose of harassing Cravath.

Plaintiff expressly alleges that he witnessed numerous Cravath partners making "racist" and "sexist" remarks "[t]hroughout the Employment Period". (Id. ¶¶ 83, 90, 96, 103.) If that is an outright lie, Plaintiff should be sanctioned under Rule 11. If it is not an outright lie, then Plaintiff plainly could not have been, as he pleads, unaware of Cravath's purported "pattern of abuse" (id. ¶ 185) until 2008, and he should be sanctioned for lying about having just discovered the misconduct of which he complains in a transparent attempt to avoid the statute of limitations that bars his claim. Either way, Plaintiff's attempt to plead that Cravath did something during his employment that was both intended to harm him and actually caused him "severe" emotional distress (as is required for him to state a claim) violates Rule 11. The "heinous" conduct never happened, or he knew about whatever he now complains of more than one year before he filed his frivolous claim.

His claim remains barred by the applicable one-year statute of limitations. See Oshinsky v. N.Y.C. Hous. Auth., No. 98 Civ. 5467 (AGS), 1999 WL 553826, at *3 (S.D.N.Y. July 29, 1999). Moreover, the Amended Complaint still fails to plead any of the claim's required elements: (1) Plaintiff's allegations that Cravath's purported misconduct supposedly created an "extremely stressful work environment" for him (see Am. Compl. ¶¶ 186(k)-(p)) do not meet New York's stringent test for extreme and outrageous conduct; (2) he does not allege the

requisite intent by Cravath to harm him (see id. ¶¶ 186(a)-(d), (k)-(p)); and (3) he does not allege facts demonstrating severe emotional distress or a causal connection between Cravath's purported conduct and his supposed injury (see id. ¶¶ 294-95). (See MTD Mem. at 23-27.) In sum, his patently frivolous claim clearly violates Rule 11(b)(2). See Leino v. Nelson, No. 00-CV-2202(JMR/FLN), 2001 WL 1141817, at *4 (D. Minn. Aug. 23, 2001) (imposing sanctions on a disbarred former attorney whose "shotgun complaint contains absurd factual allegations, nonexistent legal claims, and serves no purpose but to further harass innocent parties").

Further, Plaintiff's pages of allegations of purported misconduct, ranging from the false to the fantastic, were obviously made in an attempt to harass Cravath into a settlement. For example, Plaintiff alleges that Cravath has discriminated against Jewish and African-American attorneys by representing clients in litigation concerning the alleged laundering of looted Nazi gold and South African apartheid, respectively. (Am. Compl. ¶¶ 78, 100.) He alleges that Cravath has discriminated against female and Hispanic attorneys because "Building a Better Legal Profession" reported that Cravath's numbers of female and Hispanic partners and associates were too low. (Id. ¶¶ 88, 95.) Such claims are wholly unwarranted by the pleaded facts and demonstrate Plaintiff's failure to undertake a reasonable inquiry. They are also on their face irrelevant, since Plaintiff is a white male. Plaintiff's baseless and irrelevant allegations should not be tolerated. See Watson v. City of Salem, 934 F. Supp. 643, 661-66 (D.N.J. 1995) (imposing sanctions for unreasonably filing a complaint alleging, inter alia, racial discrimination where the plaintiff (a convicted felon) provided no facts to support his "baseless vendetta").

### III.   PLAINTIFF MUST BE SANCTIONED IN ACCORDANCE WITH RULE 11(C).

Rule 11 sanctions are especially appropriate here. Plaintiff was an attorney. This Court put him on notice of his Rule 11 obligations before he amended his complaint. He willfully breached those obligations anyway, by making up facts to try to dodge legal principles

that are plainly fatal to his claims, and by hurling false and scurrilous allegations of crime, bigotry, "spying" and "fraud" at Cravath that have no rational relation to any even arguably viable claim he has asserted. Those allegations -- and indeed, this lawsuit -- are plainly advanced for the sole purpose of harassing Cravath and trying to extort a settlement.

Plaintiff should be sanctioned. See Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) (affirming sanctions on the plaintiff for filing a frivolous complaint that was "clearly an attempt to intimidate the defendant into a large settlement"). Otherwise, he will not stop. In his own words: "I hope Cravath views that it's personal . . . I have all the time in the world because I doubt I'll be reinstated to the bar if I ever tried". N. Raymond, Shameless: The Lolita Lawyer Sues Cravath in Longhand, Am. Law., Feb. 2008 (Baron Decl., Ex. 1).

## CONCLUSION

For the foregoing reasons, Cravath respectfully requests that the Court sanction Plaintiff for his misconduct.

April 14, 2008

                        Respectfully submitted,

                        CRAVATH, SWAINE & MOORE LLP,

                        by [signature]
                            Stuart W. Gold (SG-1291)
                            Robert H. Baron (RB-3765)
                            Members of the Firm

                              Worldwide Plaza
                              825 Eighth Avenue
                              New York, NY 10019
                                (212) 474-1000
                                sgold@cravath.com
                                rbaron@cravath.com

                            *Defendant pro se*