UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES COLLITON,

Plaintiff,

v.

CRAVATH, SWAINE & MOORE LLP,

Defendant.

ECF CASE

No. 08 Civ. 0400 (NRB)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Stuart W. Gold
Robert H. Baron
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Defendant pro se*

June 3, 2008

**TABLE OF CONTENTS**

Page

Table of Authorities .......... ii

Preliminary Statement .......... 1

Argument .......... 1

I. Plaintiff's Breach of Contract Claims Should Be Dismissed. .......... 1

A. Plaintiff Never Met the Professional Obligations Governing His Work. .......... 1

B. Plaintiff May Not Enforce Any Employment Agreement with Cravath. .......... 2

C. Plaintiff's Baseless Claim That He Was More "Specialist" than "Attorney" Is Both a Fraud on the Court and Legally Insufficient to Rescue His Claims. .......... 4

II. Plaintiff's Unjust Enrichment Claims Should Be Dismissed. .......... 6

A. Plaintiff Has Failed to State a Claim as a Matter of Law. .......... 6

B. Plaintiff's Unclean Hands Preclude Equitable Relief. .......... 7

III. Plaintiff's Fiduciary Breach Claim Should Be Dismissed. .......... 9

IV. Plaintiff's Intentional Infliction of Emotional Distress Claim Should Be Dismissed .......... 10

A. Plaintiff's Claim Is Barred by the One-year Statute of Limitations. .......... 10

B. Plaintiff Has Failed to State a Claim as a Matter of Law. .......... 12

V. Plaintiff's Scurrilous Allegations Should Be Stricken. .......... 13

Conclusion .......... 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Ambris v. Bank of N.Y., No. 96 Civ. 0061 LAP, 1997 WL 107632 (S.D.N.Y. Mar. 10, 1997)....9

Bankers Trust Co. v. Litton Sys., Inc., 599 F.2d 488 (2d Cir. 1979)....7

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)....1, 4, 10, 11

Cabrera v. N.Y.C., 436 F. Supp. 2d 635 (S.D.N.Y. 2006) .... 11-12

Cohn & Berk v. Rothman-Goodman Mgmt. Corp., 509 N.Y.S.2d 367 (2d Dep't 1986) ....8

Deal v. Seneca County, No. 07-CV-6497, 2008 WL 2020004 (W.D.N.Y. May 8, 2008) ....12

Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506 (S.D.N.Y. 1997) ....3

ENH, Inc. v. Int'l Diffusion SRL, No. 97 CIV. 3202 (LAP), 1997 WL 294388 (S.D.N.Y. June 2, 1997).... 7-8

Ferguson v. Lion Holding, Inc., 312 F. Supp. 2d 484 (S.D.N.Y. 2004)....3

Fruchthandler v. Green, 649 N.Y.S.2d 694 (1st Dep't 1996)....7

Furman v. Furman, 34 N.Y.S.2d 699 (1941) ....8

Golden Pac. Bancorp v. FDIC, No. 95 Civ. 9281, 2002 WL 31875395 (S.D.N.Y. Dec. 26, 2002)....6

Harbulak v. County of Suffolk, 654 F.2d 194 (2d Cir. 1981)....1

Howell v. N.Y. Post Co., 81 N.Y.2d 115 (1993) ....13

Hughes Aircraft Co. v. Jacobson, 525 U.S. 432 (1999)....9

Jafari v. Wally Findlay Galleries, 741 F. Supp. 64 (S.D.N.Y. 1990) ....3

Kaye v. Grossman, 202 F.3d 611 (2d Cir. 2000)....6

Lydeatte v. Bronx Overall Econ. Dev. Corp., No. 00 Civ. 5433 (GBD), 2001 WL 180055 (S.D.N.Y. Feb. 22, 2001)....12

McConnell v. Commonwealth Pictures Corp., 7 N.Y.2d 465 (1960)....7

Muzio v. Brown, 755 N.Y.S.2d 278 (2d Dep't 2003) ....12, 13

NFS Servs., Inc. v. W. 73rd St. Assocs., 477 N.Y.S.2d 135 (1st Dep't 1984) ....7

Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184 (2d Cir. 2003) ....4

Pigford v. Veneman, 215 F.R.D. 2 (D.D.C. 2003) ....14

Precision Instrument Mfg. Co. v. Auto Maint. Mach. Co., 324 U.S. 806 (1945) ....8

Ross v. Louise Wise Servs., Inc., 777 N.Y.S.2d 618 (Sup. Ct. 2004), aff'd, 8 N.Y.3d 478 (2007) ....11

Sheehy v. Clifford Chance Rogers & Wells, LLP, 769 N.Y.S.2d 1 (1st Dep't 2003), rev'd on other grounds, 3 N.Y.3d 554 (N.Y. 2004) ....7

Silverman v. Mut. Benefit Life Ins. Co., 138 F.3d 98 (2d Cir. 1998) ....9

Slatkin v. Lancer Litho Packaging Corp., 822 N.Y.S.2d 507 (1st Dep't 2006) ....12

Smith v. N.Y. Presbyterian Hosp., No. 06 Civ. 4056, 2007 WL 2142312 (S.D.N.Y. July 18, 2007) ....12, 13

Spivak v. Sachs, 16 N.Y.2d 163 (1965) ....7

Sundland v. Korfund Co., 20 N.Y.S.2d 819 (1st Dep't 1940) ....4

Three Crown Ltd. P'ship v. Caxton Corp., 817 F. Supp. 1033 (S.D.N.Y. 1993) ....13

Wallace v. N.Y.C. Dep't of Corr., No. 95 Civ. 4404, 1996 WL 586797 (E.D.N.Y. Oct. 9, 1996) ....5

Wieder v. Skala, 80 N.Y.2d 628 (1992) ....2, 3, 4

Yanovskiy v. Air France, No. 98 Civ. 0174 (LMM), 1998 WL 305648 (S.D.N.Y. June 10, 1998) ....11

**Statutes & Rules**

29 U.S.C. § 1104(c)(1)(A)(ii) ....9

29 U.S.C. § 1109(a) ....9

29 U.S.C. § 1132(a)(2) ....9

Fed. R. Civ. P. 12(f) ....14

Defendant Cravath, Swaine & Moore LLP ("Cravath") submits this reply memorandum in support of its Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

In his opposition brief, Plaintiff continues to make up facts, ignore the law, and treat this case and this Court as a circus.

- Plaintiff urges (1) that a law firm hiring an attorney can expect him to comply with the basic ethical obligation not to commit felonies only when he is actually giving legal advice, and (2) that there is no injury to the employing law firm, even if the lawyer admittedly obtained and maintained his employment (and his license) by concealing his crimes, provided his legal work is done as a non-felon attorney would do it. That is nonsense: the rules Plaintiff proposes would make a mockery of lawyers' ethical obligations.

- Plaintiff asserts that he only "discovered" his emotional distress claim when he read Cravath's pre-motion letter in this action in January 2008, almost two years after he was fired by Cravath. Even if credited, that would not save his meritless and untimely claim; the statute of limitations runs not from discovery of the claim but from the last act of "extreme and outrageous conduct" directed at the plaintiff.

- The central premise of Plaintiff's opposition is that he can simply make up whatever he wants (or needs to try to plead a claim), no matter how implausible, and this Court must accept his allegations as fact. As Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007), makes clear, Plaintiff is wrong.[1]

The Amended Complaint should be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED.

#### A. Plaintiff Never Met the Professional Obligations Governing His Work.

The New York Court of Appeals has held that, "in any hiring of an attorney as an associate to practice law with a firm there is implied an understanding so fundamental to the relationship and essential to its purpose as to require no expression: that both the associate and

---

[1] Plaintiff, trained as a lawyer, "cannot claim the special consideration which the courts customarily grant to pro se parties". Harbulak v. County of Suffolk, 654 F.2d 194, 198 (2d Cir. 1981).

the firm in conducting the practice will do so in accordance with the ethical standards of the profession". See Wieder v. Skala, 80 N.Y.2d 628, 635-36 (1992). Plaintiff contends that his ethical violations are irrelevant to most of his work because he was purportedly hired to achieve eleven different objectives, ten of which had nothing to do with the practice of law and comprised eighty-five percent of his services. (Opp. at 1-3.)[2] Plaintiff's argument is a fiction, divorced from the reality of legal practice.

Plaintiff admits that Cravath hired him as an attorney to practice law. (Id. at 2.) Whether giving legal advice, "training and advising associates", "advising associates in the Department on a wide array of legal and non-legal matters", or "assisting [Cravath] in recruitment efforts" (id. at 2), Plaintiff at all times bore the responsibilities of an attorney, and remained subject to the legal profession's ethical standards. See Wieder, 80 N.Y.2d at 635 ("Associates are, to be sure, employees of the firm but they remain independent officers of the court responsible in a broader public sense for their professional obligations."). Plaintiff admittedly breached those obligations. (See Opp. at 10.)

**B. Plaintiff May Not Enforce Any Employment Agreement with Cravath.**

Plaintiff does not dispute that (1) he breached his obligation to comply with the ethical standards of the legal profession both immediately before and during his employment by (repeatedly) committing sex crimes, (2) his crimes plainly violated the prevailing standards of professional conduct, and (3) had he disclosed his crimes when he sought employment at Cravath, he would not have been hired but rather disbarred. (See Mem. at 12.) Plaintiff's

[2] Citations in the form of "Mem. at []" are to the Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint, dated April 14, 2008. Citations in the form of "Opp. at []" are to the Memorandum Opposing Defendant's Motions to Dismiss the Amended Complaint and for Sanctions Pursuant to Rule 11, dated May 14, 2008.

insistence that he may recover on his contract claims, despite those facts, is unsupportable.[3]

First, Plaintiff argues that Cravath may not assert a fraud defense because it was not injured. (Opp. at 4-5.) Cravath's injury is obvious: it was induced by fraud to employ a criminal. Indeed, Plaintiff admits that Cravath would not have hired him if it were aware of his sex crimes. (Id. at 15.) Plaintiff's fraud is a complete defense to his claims because his acts of concealment induced Cravath to enter into any employment relationship that he may claim existed. See Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506, 543-44 (S.D.N.Y. 1997); Ferguson v. Lion Holding, Inc., 312 F. Supp. 2d 484, 497-99 (S.D.N.Y. 2004). (Mem. at 12-13.)

Second, Plaintiff claims that his breaches were not material because Cravath was not injured. (Opp. at 6-7.) To be sure, Cravath was injured -- palpably and plainly -- by having been misled into employing a felon, with whom the firm was then publicly associated when his sex crimes came to light. In any event, Plaintiff's crimes were indisputably material breaches of his obligation to comply with the rules of conduct of the legal profession. Plaintiff, after having committed serial prior material breaches of the alleged contract, may not recover for its breach. See Jafari v. Wally Findlay Galleries, 741 F. Supp. 64, 68 (S.D.N.Y. 1990). (Mem. at 13-14.)

Third, Plaintiff asserts that recovery is not barred by his commission and subsequent concealment of felony sex crimes because such acts neither substantially violated any alleged employment contract nor permeated his service. (Opp. at 9-10.) This argument flies in the face of Wieder, which holds that Plaintiff's duty not to violate his ethical obligations was "fundamental" and "essential" to his employment with Cravath. Plaintiff tries to dismiss this inconvenient, and dispositive, point as "intellectually dishonest" because his crimes were not

[3] Though Plaintiff points to the equitable doctrine of "unclean hands" (Opp. at 3), as he later concedes, "unclean hands does not apply to the contract claims" (id. at 20).

disclosed until after Cravath had fired him. (Id. at 10.) Whether Plaintiff is simply playing games, or sincerely contends that "intellectual honesty" dictates that he be rewarded for concealing his criminal misconduct, that is plainly not the law. Plaintiff's sex crimes are a complete defense to his claims for compensation. See Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 200, 211 (2d Cir. 2003). (Mem. at 14-15.)[4]

### C. Plaintiff's Baseless Claim That He Was More "Specialist" than "Attorney" Is Both a Fraud on the Court and Legally Insufficient to Rescue His Claims.

Plaintiff does not dispute that neither his original, verified Complaint nor his employment letter mentions the non-legal, "specialist" services upon which he now purports to base his claims. Since neither document explicitly stated that he was "only" employed as an attorney, however, Plaintiff argues that the Court "must accept as true" his allegations "that practicing law was but a small part of the employment relationship". (Opp. at 14.) In fact, Plaintiff goes further: "[E]ven if an employment letter SAID that Plaintiff was hired solely to practice law, it would be wrong." (Id.) This Court need not, and should not, credit Plaintiff's attempts to rewrite history. See Bell Atl., 127 S. Ct. at 1964-65.

First, Plaintiff concedes (as he must) that he swore in his verified Complaint that he "was continuously employed as an attorney". (Opp. at 12.) It was only after Cravath pointed out the dispositive effect of Wieder in its pre-motion letter that Plaintiff, in a blatant and cynical attempt to dodge Wieder, added fabricated and inconsistent allegations that, mostly, he was not

[4] Notwithstanding Plaintiff's blatant mischaracterization (Opp. at 10-11), Cravath does not argue that some traffic infraction bars Plaintiff from recovering, but rather that Plaintiff's repeated felony sex crimes -- which were not only material to, but fundamentally contrary to, his eligibility to practice law and Cravath's interests as a law firm -- are a complete defense to his claims in this case. See Sundland v. Korfund Co., 20 N.Y.S.2d 819, 822 (1st Dep't 1940).

really practicing law.[5] This Court should credit Plaintiff's sworn averment that he was employed as an attorney (and nothing more). See Wallace v. N.Y.C. Dep't of Corr., No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996). (Mem. at 15-16.)[6]

Second, Plaintiff does not dispute that his contemporaneous employment letter, which he signed, confirmed that he was hired by Cravath as a lawyer -- a "special associate". (See Mem. at 16.)[7] Instead, he says the letter "fails to limit or restrict Plaintiff's employment to practicing law" and, "[e]ven if it did, it was merely a form letter and was not intended to establish the parameters of the employment relationship". (Opp. at 13-14.) However, on its face the employment letter explicitly described him as a "lawyer", he expressly acknowledged that position in writing, and his services were clearly performed in the course of his employment in that position. (See Mem. at 16-17; supra pp. 1-2.)

Third, Plaintiff contends that an "employed attorney need only adhere to [ethical] standards when he is ACTUALLY PRACTICING LAW" because "such standards do not even purport to cover the non-legal activities of lawyers". (Opp. at 15.) That is not the law. Having been hired and "continuously employed as an attorney", he owed Cravath a duty not to commit felonies. Plaintiff was not free to violate his "fundamental" and "essential" obligation as an attorney -- no matter the percentage of time that he now claims was spent on "specialist" services. His breaches of the profession's ethical standards vitiated any duty that Cravath

---

[5] Plaintiff all but admits this gambit: "Until [Cravath] raised an issue about the NATURE of Plaintiff's services, the nature was not relevant". (Opp. at 12.)

[6] Plaintiff does not dispute that he seeks compensation and benefits allegedly paid to other attorneys, not to non-attorney "specialists". Clearly, he cannot call himself a "specialist" and then try to enforce promises allegedly made to "attorneys". (Mem. at 16 n.9.)

[7] Plaintiff also does not dispute that the Court may consider his employment letter on this motion because it is clearly integral to the Amended Complaint. (See Mem. at 16 n.10.)

supposedly owed him. (Mem. at 17.)

Fourth, Plaintiff admits that Cravath would not have employed him as a lawyer, "specialist" or not -- had it known he was a sex criminal (i.e., his "personal problem"). (Opp. at 15.) He asserts, however, that this fact "has no legal relevance". (Id.) Plaintiff is wrong; his felonies are not only relevant, but dispositive. Plaintiff may not maintain an action that, by his own admission, is based on his successful concealment of his crimes from Cravath.

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED.

Plaintiff does not dispute that he must establish, inter alia, that "equity and good conscience" require restitution in order to prevail on an unjust enrichment claim in New York. Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000). Nor does he dispute that such claims are equitable in nature. See Golden Pac. Bancorp v. FDIC, No. 95 Civ. 9281, 2002 WL 31875395, at *15 (S.D.N.Y. Dec. 26, 2002) (Buchwald, J.). Because Plaintiff concealed from Cravath the serial sex crimes that violated the terms of his employment, he may not invoke equity to recover.

### A. Plaintiff Has Failed to State a Claim as a Matter of Law.

Plaintiff has not pled any facts to demonstrate that "equity and good conscience" require relief here. See Kaye, 202 F.3d at 616. To satisfy this necessary element of his claims, he asserts that "good conscience would not permit [his] innocent family to have to seek public assistance while [Cravath] is permitted to retain the wonderful fruit of [his] labors without any obligation to [him] for such labors" (Opp. at 17) and that "evidence of an extremely challenging work environment constitutes adequate proof of the required equity and good conscience" (id. at 17-18). This is both shameful and insufficient. Plaintiff cannot exploit the distress in which his own crimes placed his family as a justification for invoking equity against another victim of his crimes, the law firm that he misled into employing him. And, the law is clear that Plaintiff's allegations of Cravath's purportedly challenging work environment do not suffice to state an

unjust enrichment claim.[8]

Indeed, Plaintiff cannot even establish that "equity and good conscience" would permit, much less require, any relief here. See McConnell v. Commonwealth Pictures Corp., 7 N.Y.2d 465, 469 (1960) ("No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime." (internal quotation marks omitted)); Bankers Trust Co. v. Litton Sys., Inc., 599 F.2d 488, 492 (2d Cir. 1979). He contends that such cases "are not relevant because they ignore the existing facts" (Opp. at 18); but he does not and cannot contest Cravath's showing that he committed and concealed multiple felonies, and misled Cravath into hiring and continuing to employ him. Plaintiff, whose sex crimes mandated his automatic disbarment and (if known to a prospective employer) would have precluded him from working at any law firm, has forfeited any right to compensation under New York law. See, e.g., Spivak v. Sachs, 16 N.Y.2d 163 (1965); NFS Servs., Inc. v. W. 73rd St. Assocs., 477 N.Y.S.2d 135, 138 (1st Dep't 1984).[9]

### B. Plaintiff's Unclean Hands Preclude Equitable Relief.

Plaintiff is a convicted sex criminal whose admittedly unclean hands bar recovery. See ENH, Inc. v. Int'l Diffusion SRL, No. 97 CIV. 3202 (LAP), 1997 WL 294388, at *1-2

---

[8] See Sheehy v. Clifford Chance Rogers & Wells, LLP, 769 N.Y.S.2d 1, 5 (1st Dep't 2003) (law firm's refusal to pay benefits to retired partner "not so shocking that equity and good conscience require defendant to pay them, especially in light of evidence that plaintiff was asked to leave the firm because of a serious billing problem"), rev'd on other grounds, 3 N.Y.3d 554 (N.Y. 2004); Fruchthandler v. Green, 649 N.Y.S.2d 694, 696 (1st Dep't 1996) ("[C]onclusory allegations that it would be against equity and good conscience to permit defendant to retain what was sought to be recovered are insufficient".).

[9] Plaintiff attempts to escape this rule by arguing that he "HAD A LICENSE TO PRACTICE LAW AT ALL TIMES WHEN HE WAS WORKING" because he "was fired before he was disbarred". (Opp. at 18.) This disregards the obvious fact that he had that license, and his job at Cravath, only because he was fraudulently concealing his sex crimes the day he was hired and for more than five years thereafter. Plaintiff may not profit from his own fraud by recovering from the firm that he successfully deceived.

(S.D.N.Y. June 2, 1997); Cohn & Berk v. Rothman-Goodman Mgmt. Corp., 509 N.Y.S.2d 367, 368 (2d Dep't 1986). His response -- that his admitted felonies are wholly unconnected to the subject matter of the litigation (Opp. at 19-20) while Cravath's purported misconduct is directly related to the lawsuit (id. at 20-24) -- does not come close to rescuing his claims.

First, Plaintiff's felonies bear directly on the subject matter of his claims. (Mem. at 20-21.) Despite his assertion to the contrary (Opp. at 5), his crimes rendered him per se unfit to work as an attorney at Cravath (or anywhere) (Mem. at 2-3, 21). Plaintiff's assertion that it is of "no concern" to Cravath that a lawyer on its staff was an active felony sex offender (Opp. at 20) is meritless on its face. Second, as the defendant, Cravath's alleged misconduct is irrelevant to the application of the unclean hands doctrine. See Precision Instrument Mfg. Co. v. Auto Maint. Mach. Co., 324 U.S. 806, 814-15 (1945). (Mem. at 21.)[10]

Plaintiff also asserts that Cravath may not invoke the unclean hands doctrine because it "has suffered NO injury" (Opp. at 21), he "is clearly the less guilty [party]" (id. at 23), and the doctrine's application would offend good conscience (id. at 24). Cravath plainly was injured by Plaintiff's deception, which induced it to hire and continue employing a felon. (See supra p. 3.) The doctrines of in pari delicto and in particeps criminis on which he relies (see Opp. at 22) have no bearing on the application of the unclean hands doctrine because Cravath was not engaged in illegal activity in concert with Plaintiff, see Furman v. Furman, 34 N.Y.S.2d 699, 704 (1941) (cited in Opp. at 22-23). Indeed, the claim for equitable relief of a Plaintiff who was committing a felony the day before he started his job and now claims to be "less guilty" than

---

[10] Moreover, contrary to Plaintiff's assertion (Opp. at 20-21), his scurrilous allegations of misconduct by Cravath have no logical or legally cognizable relationship to his claims. Though Plaintiff conclusorily alleges that Cravath's purported misdeeds "made the work performed by [him] so challenging and difficult" (id. at 21), a supposedly challenging work environment simply has no bearing on his unjust enrichment claims (see supra pp. 6-7 & n.8).

the employer he misled is an offense to public policy and common sense.

## III. PLAINTIFF'S FIDUCIARY BREACH CLAIM SHOULD BE DISMISSED.

The Amended Complaint baldly asserts that (1) Cravath's supposed misconduct led to imprudent Plan operation which (2) caused a lack of investment opportunities which, in turn, (3) caused Plaintiff $15,000 in losses. (Opp. at 24-26.) Plaintiff, however, has failed to explain how Cravath's alleged conduct purportedly caused his losses or how the Plan prevented him from exercising control over the assets in his account.

First, Plaintiff does not dispute that matters concerning "the composition or design of the plan itself" are settlor functions, which do not implicate ERISA's fiduciary provisions. See Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 444 (1999). Therefore, even if Plaintiff suffered losses because the Plan exhibited a lack of investment opportunities (and it did not), his allegations do not give rise to a claim of fiduciary breach. (Mem. at 22.)

Second, Plaintiff's pleading shows no causal connection between Cravath's purported ERISA violations and his losses. (Id.) ERISA §§ 409 and 502(a)(2) (29 U.S.C. §§ 1109(a), 1132(a)(2)) require Plaintiff to show that his loss resulted from Cravath's breach. See Silverman v. Mut. Benefit Life Ins. Co., 138 F.3d 98, 104 (2d Cir. 1998). Plaintiff never explains how he lost $15,000 due to a "lack of required investment opportunities" (or "imprudent plan operation") supposedly caused by Cravath's purported "breaches". (See Opp. at 25-26.)

Third, even if Cravath's purported breaches caused Plaintiff's losses, it still would not be liable because the Plan permitted him to exercise control over his account. See 29 U.S.C. § 1104(c)(1)(A)(ii). Plaintiff wrongly asserts that his allegations of Cravath's ERISA § 404(c) violations must be credited for purposes of this motion. (Opp. at 26.) This Court may also consider the Plan documents, see Ambris v. Bank of N.Y., No. 96 Civ. 0061 LAP, 1997 WL 107632, at *2 (S.D.N.Y. Mar. 10, 1997), which show that Cravath satisfied ERISA § 404(c)'s

requirements (Mem. at 22-23). Thus, Plaintiff may not hold Cravath responsible for his poor investment choices.

## IV. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM SHOULD BE DISMISSED.

Plaintiff claims that Cravath caused him emotional distress by (inter alia) discriminating against other employees and engaging in criminal, fraudulent, and unethical conduct. (Opp. at 29-33.) In the same breath, he also claims that he was not aware of how "the different pieces" of Cravath's purported "abuse and fraud" allegedly "made a pattern" -- even though they were so "heinous" as to cause him "severe" emotional distress -- until January 16, 2008, long after he was fired by Cravath. (See id. at 28-29.) Plaintiff's claim must be dismissed.

### A. Plaintiff's Claim Is Barred by the One-year Statute of Limitations.

Plaintiff does not dispute that (1) the statute of limitations for a claim of intentional infliction of emotional distress is one year, (2) he was fired on March 1, 2006, and (3) this action was commenced on December 27, 2007, more than twenty months later. (Mem. at 24.) Therefore, any claim for the intentional infliction of emotional distress during his employment with Cravath is time-barred. (Id.) Plaintiff tries to argue that his claim is timely because "[m]aterial, relevant events and the discovery of how the different pieces made a pattern occurred AFTER December 27, 2006". (Opp. at 29.) He is wrong, and his claim is time-barred.

First, this Court should not credit Plaintiff's fantastic and speculative allegations. See Bell Atl., 127 S. Ct. at 1964-65. Plaintiff asserts that "the last piece" of Cravath's purported "pattern of abuse and fraud" occurred on the date of its January 2008 pre-motion letter to this Court when he "first figured out" that Cravath -- in 2006 -- supposedly caused the district attorney to charge him with crimes beginning on December 25, 2000, "in order to argue in this action that [it] is not liable because Plaintiff's misconduct preceded his employment". (Opp. at

28-29, 32 (emphasis in original).) Plaintiff appears confused by his own lies. Cravath's pre-motion letter does not even remotely suggest any involvement in the charges. The idea that Cravath could (or would) pressure the district attorney to gain an advantage in a frivolous lawsuit that Plaintiff did not file for almost two years after his crimes were exposed in 2006 is an implausible fantasy. Not surprisingly, Plaintiff has no grounds for his allegation, which was made "upon information and belief" (Am. Compl. ¶ 186(i)) -- not based on any "discovery".[11]

Second, even if this Court were to credit Plaintiff's allegations (and it should not), his claim would be untimely. "Under New York law, an action for intentional infliction of emotional distress must be instituted within one year of the last act from which the cause of action arises". Yanovskiy v. Air France, No. 98 Civ. 0174 (LMM), 1998 WL 305648, at *3 (S.D.N.Y. June 10, 1998). The limitations period is not measured from discovery of such a claim. See Ross v. Louise Wise Servs., Inc., 777 N.Y.S.2d 618, 621-22 (Sup. Ct. 2004), aff'd, 8 N.Y.3d 478 (2007). Thus, Plaintiff's case was not timely commenced.

Third, the "[m]aterial, relevant events" that purportedly occurred in the year before Plaintiff brought suit do not save his claim. "[F]or the statute of limitations to be tolled under the theory of continuing wrongs, the acts within the statute of limitations must be sufficient to make out a claim for intentional infliction of emotional distress." Cabrera v.

---

[11] Plaintiff also claims that Cravath's purported unlawful disposal of his personal property "might not have occurred until 2007". (Opp. at 29.) He cannot escape the one-year time bar with such rank speculation. See Bell Atl., 127 S. Ct. at 1964-65 ("Factual allegations must be enough to raise a right to relief above the speculative level".). Plaintiff further contends that Cravath concealed other, unspecified acts. As explained in the opening Memorandum, Plaintiff expressly alleges that he witnessed numerous Cravath partners making "racist" and "sexist" remarks "[t]hroughout the Employment Period". (Mem. at 24-25.) If anyone had actually acted in a manner that was "utterly intolerable in a civilized society" (Am. Compl. ¶ 183) and caused Plaintiff any emotional distress, he would have been aware of it during his employment -- not years later after he had been fired and imprisoned.

N.Y.C., 436 F. Supp. 2d 635, 646 (S.D.N.Y. 2006) (internal quotation marks and emphasis omitted). Plaintiff has alleged no such act. It is not only frivolous to base his claim on the district attorney's charges to which he pled guilty, but also wrong as a matter of law. See Deal v. Seneca County, No. 07-CV-6497, 2008 WL 2020004, at *2, 8-9 (W.D.N.Y. May 8, 2008) (allegation that defendant used district attorney's office to file false charges against plaintiff insufficiently outrageous); Slatkin v. Lancer Litho Packaging Corp., 822 N.Y.S.2d 507, 508-09 (1st Dep't 2006) (instigation of plaintiff's arrest through false statements insufficiently outrageous).[12] His claim must be dismissed.

**B. Plaintiff Has Failed to State a Claim as a Matter of Law.**

Plaintiff does not dispute that, to state a claim for intentional infliction of emotional distress, he must plead four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress. See Smith v. N.Y. Presbyterian Hosp., No. 06 Civ. 4056, 2007 WL 2142312, at *15 (S.D.N.Y. July 18, 2007) (Buchwald, J.). Plaintiff pleads none of them.

First, Plaintiff ignores the case law holding that

- allegations of an "extremely stressful work environment" do not meet New York's stringent test for extreme and outrageous conduct, see Lydeatte v. Bronx Overall Econ. Dev. Corp., No. 00 Civ. 5433 (GBD), 2001 WL 180055, at *2 (S.D.N.Y. Feb. 22, 2001), and

- his other allegations -- e.g., violating disciplinary rules, refusing to pay Plaintiff amounts claimed, and disposing of his personal property -- are also insufficient to

---

[12] Nor are Plaintiff's allegations regarding Cravath's disposal of his personal property sufficient to state a claim for infliction of emotional distress. See Muzio v. Brown, 755 N.Y.S.2d 278, 279 (2d Dep't 2003) ("As a matter of law, damages are not recoverable for mental or emotional distress caused by destruction of personal property".).

state a claim, see Howell v. N.Y. Post Co., 81 N.Y.2d 115, 122 (1993); Muzio, 755 N.Y.S.2d at 279.

Second, Plaintiff claims that he has pled the requisite intent because Cravath "adversely and materially interfer[ed] in [his] criminal prosecution", disposed of his personal property, and employed an entire force to "spy" on him. (Opp. at 31-32.) Even if those allegations were plausible, they would be insufficient. (See supra pp. 12-13.) Plaintiff next contends that Cravath's "many alleged acts which greatly disrupted the Department" were intended to cause him "extreme duress" because Cravath "KNEW that [he] was responsible for saving the Department and keeping it running well". (Opp. at 32.) He then proceeds to compare his experience to the Holocaust and Cravath to Hitler, arguing that "discrimination at the level they [i.e., Cravath] practice it HURTS EVERYONE". (Id.) Plaintiff's offensive rhetoric does not alter the controlling law. "Under New York law, the conduct alleged must be intentionally directed at the plaintiff". Three Crown Ltd. P'ship v. Caxton Corp., 817 F. Supp. 1033, 1048 (S.D.N.Y. 1993) (internal quotation marks omitted). The scurrilous acts that Plaintiff (falsely) alleges cannot rationally be viewed as intentionally directed at him. (Mem. at 26.)

Third, Plaintiff asserts that he did not allege "the precise technical distress components" because he "believed 'twas nobler to leave that for another day". (Opp. at 33.) To plead a claim, however, Plaintiff must allege facts showing severe emotional distress. See Smith, 2007 WL 2142312, at *15. Yet he has alleged neither such distress nor a causal connection between Cravath's purported conduct and his supposed injury. (Mem. at 26-27.) This Court should dismiss his claim.

## V. PLAINTIFF'S SCURRILOUS ALLEGATIONS SHOULD BE STRICKEN.

"Plaintiff commenced this action with a simple contract claim". (Opp. at 33.) He added his frivolous allegations of discrimination and criminal, fraudulent, and unethical conduct

in retaliation for Cravath "labeling [him] unclean". (Id.) He does not deny that his allegations have no bearing on his contract or fiduciary breach claims. They are also plainly irrelevant to his unjust enrichment and intentional infliction of emotional distress claims. This Court has broad discretion to strike from a pleading any "immaterial, impertinent, or scandalous matter". Fed. R. Civ. P. 12(f); see also Pigford v. Veneman, 215 F.R.D. 2, 3-5 (D.D.C. 2003). Plaintiff's allegations can serve only to harass Cravath and result in wasteful and burdensome detours. (Mem. at 27-28.) They should be stricken.

**CONCLUSION**

For the foregoing reasons and those in the opening Memorandum, this Court should dismiss the Amended Complaint with prejudice or at least strike its scurrilous allegations.

June 3, 2008

Respectfully submitted,

CRAVATH, SWAINE & MOORE LLP,

by

Stuart W. Gold (SG-1291)
Robert H. Baron (RB-3765)
Members of the Firm

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
sgold@cravath.com
rbaron@cravath.com

*Defendant pro se*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES COLLITON, Plaintiff, v. CRAVATH, SWAINE & MOORE LLP, Defendant. | ECF CASE<br>08 Civ. 0400 (NRB)<br>CERTIFICATE OF SERVICE |

KEITH S. KAPLAN hereby certifies the following under the penalties of perjury:

I am over the age of 18 years, not a party to this action and reside at 670 Ramapo Rd., Teaneck, NJ 07666.

On the 3rd day of June, 2008, I served

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO RULE 11**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

upon

James Colliton
28 Millbank Road
Poughkeepsie, NY 12603

by delivering a true copy of the aforementioned documents to an overnight courier for next day delivery, to wit, Wednesday, June 4, 2008.

Dated, this 3rd day of June, 2008, at New York, New York.

Keith S. Kaplan